1  COUGHLIN STOIA GELLER
      RUDMAN & ROBBINS LLP
2  SPENCER A. BURKHOLZ (147029)
   THOMAS E. EGLER (189871)
3  DANIEL S. DROSMAN (200643)
   SCOTT H. SAHAM (188355)
4  LAUREN G. KERKHOFF (236902)
   JENNIFER Y. LAI (228117)
5  CHRISTINA A. ROYCE (254551)
   655 West Broadway, Suite 1900
6  San Diego, CA 92101
   Telephone: 619/231-1058
7  619/231-7423 (fax)

8  BARROWAY TOPAZ KESSLER
      MELTZER & CHECK, LLP
9  ANDREW L. ZIVITZ
   SHARAN NIRMUL
10 LAUREN WAGNER PEDERSON
   JENNIFER L. JOOST
11 280 King of Prussia Road
   Radnor, PA 19087
12 Telephone: 610/667-7706
   610/667-7056 (fax)

13 Co-Lead Counsel for Plaintiffs

14

15              UNITED STATES DISTRICT COURT

16             CENTRAL DISTRICT OF CALIFORNIA

17
   DAVID H. LUTHER; VERMONT                  )  Case No.  CV09-06162  DSF  PJWx
18 PENSION INVESTMENT                        )
   COMMITTEE; MASHREQBANK,                   )
19 P.S.C.; PENSION TRUST FUND FOR            )  COMPLAINT FOR DECLARATORY
   OPERATING ENGINEERS;                      )  RELIEF
20 OPERATING ENGINEERS ANNUITY              )
   PLAN; WASHINGTON STATE                    )
21 PLUMBING & PIPEFITTING                    )
   PENSION TRUST; and MAINE                  )
22 STATE RETIREMENT SYSTEM,                  )
   Individually and On Behalf of All         )
23 Others Similarly Situated,                )
                                             )
24             Plaintiffs,                   )
                                             )
25    vs.                                    )
                                             )
26 COUNTRYWIDE FINANCIAL                     )
   CORPORATION; COUNTRYWIDE                  )
27

28 [Caption continued on following page.]



1

2  HOME LOANS, INC.;                              )
   COUNTRYWIDE SECURITIES                        )
3  CORPORATION; COUNTRYWIDE                      )
   CAPITAL MARKETS, INC.; CWALT,                 )
4  INC.; CWMBS, INC.; CWABS, INC.;               )
   CWHEQ, INC.; J.P. MORGAN                      )
5  SECURITIES INC.; DEUTSCHE                     )
   BANK SECURITIES INC.; BEAR,                   )
6  STEARNS & CO. INC.; BANC OF                   )
   AMERICA SECURITIES LLC; UBS                   )
7  SECURITIES, LLC; MORGAN                       )
   STANLEY & CO. INCORPORATED;                   )
8  EDWARD D. JONES & CO., L.P.;                  )
   CITIGROUP GLOBAL MARKETS                      )
9  INC.; GOLDMAN, SACHS & CO.;                   )
   CREDIT SUISSE SECURITIES (USA)                )
10 LLC; GREENWICH CAPITAL                        )
   MARKETS, INC. A.K.A. RBS                      )
11 GREENWICH CAPITAL; BARCLAYS                   )
   CAPITAL INC.; HSBC SECURITIES                 )
12 (USA); BNP PARIBAS SECURITIES                 )
   CORP.; MERRILL LYNCH, PIERCE,                 )
13 FENNER & SMITH                                )
   INCORPORATED; STANFORD L.                     )
14 KURLAND; DAVID A. SPECTOR;                    )
   ERIC P. SIERACKI; N. JOSHUA                   )
15 ADLER; RANJIT KRIPALANI;                      )
   JENNIFER S. SANDEFUR; and                     )
16 DAVID A. SAMBOL,                              )
                                                 )
17                          Defendants.          )
                                                 )

18  ─────────────────────────────────

19

20

21

22

23

24

25

26

27

28

**NATURE OF THE ACTION**

1.      This is a civil action for declaratory relief brought by court-appointed Lead Plaintiffs David H. Luther, Vermont Pension Investment Committee, Mashreqbank, p.s.c., Pension Trust Fund for Operating Engineers, Operating Engineers Annuity Plan, Washington State Plumbing & Pipefitting Pension Trust, and Maine State Retirement System (collectively "Lead Plaintiffs") in a consolidated class action pending in the Superior Court of California, County of Los Angeles (the "Superior Court") before the Honorable Emilie H. Elias, styled *Luther, et al. v. Countrywide Home Loans Servicing LP, et al.*, No. BC380698, filed November 14, 2007 (hereafter the "State Action").

2.      Lead Plaintiffs in the State Action have asserted claims pursuant to the Securities Act of 1933 (the "Securities Act") individually, and as a class action on behalf of all persons or entities (the "Class") who purchased or otherwise acquired certain mortgage backed securities ("MBS") issued, underwritten and/or sold by certain defendants affiliated with Countrywide Financial Corporation ("Countrywide"). In the State Action, Lead Plaintiffs allege, among other things, that the defendants issued false and misleading statements in Registration Statements and Prospectuses issued by defendants in connection with the sale of MBS to Lead Plaintiffs and other members of the Class in violation of the Securities Act.

3.      Specifically, Lead Plaintiffs allege claims under §§11, 12(a)(2) and 15 of the Securities Act (15 U.S.C. §77k, 15 U.S.C. §77l(a)(2), 15 U.S.C. §77o). Lead Plaintiffs assert that jurisdiction in the Superior Court is based on the concurrent jurisdiction provisions of the Securities Act (15 U.S.C. §77v). These provisions permit a state court to exercise jurisdiction over a case which alleges solely claims brought under the Securities Act and forbids a defendant sued in state court from removing such a case to federal court.

4.      In response to arguments by defendants on demurrer, the Court overseeing this action in the Superior Court has stayed the action there and directed

1   Lead Plaintiffs to ask this Court to address the question of whether the Securities
2   Litigation Uniform Standards Act of 1998 ("SLUSA") eliminated state court
3   jurisdiction over the claims brought here.

4        5.     Lead Plaintiffs – whose claims for relief under the Securities Act have
5   languished while defendants unsuccessfully raised jurisdictional challenges under the
6   Class Action Fairness Act of 2005 ("CAFA") to this Court and to the Ninth Circuit
7   Court of Appeals – assert that that the Superior Court has jurisdiction over the Class's
8   Securities Act claims because: (1) SLUSA applies only to actions involving a
9   "covered security," which is not present here because the MBS are not nationally-
10  traded securities; and (2) SLUSA on its face is not applicable to claims brought under
11  the Securities Act like those Lead Plaintiffs have alleged in the State Action.  This
12  declaratory relief action seeks to resolve that dispute.

13       6.     The threat imposed on Lead Plaintiffs and other members of the Class if
14  this issue is not resolved now is immediate and substantial.  A lack of resolution of
15  this issue will impose a significant burden on the Class because the Superior Court has
16  ordered Lead Plaintiffs to file an action in federal court (*i.e.*, this Court) to allow the
17  federal court the first opportunity to interpret a federal statute and address this
18  "SLUSA jurisdiction issue."  The Superior Court stayed the State Action, "pending
19  the filing of such action."  *See* Superior Court Order, attached hereto as Exhibit A and
20  incorporated herein by reference.

21                    **VENUE AND JURISDICTION**

22       7.     The Court has subject matter jurisdiction over this action pursuant to 28
23  U.S.C. §1331 (federal question) as this action involves the interpretation of §22(a) of
24  the Securities Act (15 U.S.C. §77v(a)).

25       8.     The relief requested is authorized pursuant to 28 U.S.C. §2201
26  (declaratory judgment).  Expedited relief is authorized pursuant to Fed. R. Civ. P. 57.
27  There is a present and actual controversy between the parties.

28

- 2 -

9.     Venue is properly vested in this Court pursuant to 28 U.S.C. §1391 because the Countrywide Defendants (defined herein) maintain principal executive offices in this District, the defendants have transacted business in this District and a substantial part of the events underlying the violations of the Securities Act alleged in the State Action took place in this District.

### THE PARTIES

10.     Lead Plaintiffs David H. Luther ("Luther"), Vermont Pension Investment Committee ("Vermont"), Mashreqbank, p.s.c. ("Mashreqbank"), Pension Trust Fund for Operating Engineers, Operating Engineers Annuity Plan (together, the "Operating Engineers Funds"), Washington State Plumbing & Pipefitting Pension Trust ("Washington") and Maine State Retirement System ("Maine") are the Lead Plaintiffs in the State Action.

11.     Defendants Countrywide Financial Corporation (previously defined herein as "Countrywide"), Countrywide Home Loans, Inc., Countrywide Securities Corporation, Countrywide Capital Markets, Inc., CWALT, Inc., CWMBS, Inc., CWABS, Inc., and CWHEQ, Inc., are the "Countrywide Defendants" in the State Action.

12.     Defendants Countywide Securities Corporation (an affiliate of Countrywide), J.P. Morgan Securities Inc., Deutsche Bank Securities Inc., Bear, Stearns & Co. Inc., Banc of America Securities LLC, UBS Securities, LLC, Morgan Stanley & Co. Incorporated, Edward D. Jones & Co., L.P., Citigroup Global Markets Inc., Goldman, Sachs & Co., Credit Suisse Securities (USA) LLC, Greenwich Capital Markets, Inc. a.k.a. RBS Greenwich Capital, Barclays Capital Inc., HSBC Securities (USA), BNP Paribas Securities Corp., and Merrill Lynch, Pierce, Fenner & Smith Incorporated are the "Underwriter Defendants" in the State Action.

13.     Defendants Stanford L. Kurland, David A. Spector, Eric P. Sieracki, N. Joshua Adler, Ranjit Kripalani, Jennifer S. Sandefur and David A. Sambol are the "Individual Defendants" in the State Action.   The Countrywide Defendants,

1   Underwriter Defendants and the Individual Defendants, collectively, are referred to
2   herein as the "defendants."

3                              **SUBSTANTIVE ALLEGATIONS**

4   **Procedural History**

5          14.    On November 14, 2007, plaintiff Luther commenced the State Action by
6   filing a class action complaint on behalf of himself and all persons or entities who
7   acquired the MBS issued by CWALT, Inc. ("CWALT") pursuant and/or traceable to
8   false and misleading Registration Statements issued by CWALT between January
9   2005 and June 2007 and Prospectus Supplements issued in connection therewith.  As
10  set forth in the initial complaint, the State Action involved solely ***federal law*** claims
11  brought pursuant to the Securities Act.

12         15.    On December 14, 2007, defendants removed the State Action to federal
13  court under CAFA, and the removed action was assigned to this Court.

14         16.    On February 28, 2008, this Court remanded the State Action to the
15  Superior Court finding that the Securities Act anti-removal provision was not altered
16  by the passage of CAFA in 2002.  This Court also held that "SLUSA provides no
17  basis for removal where, as here, the claims do not involve a 'covered security.'"
18  *Luther v. Countrywide Home Loans Servicing*, No. 2:07-CV-08165-MRP(MANx),
19  2008 U.S. Dist. LEXIS 26534, at *4 (C.D. Cal. Feb. 28, 2008).

20         17.    On March 14, 2008, defendants appealed this Court's decision to the
21  United States Court of Appeals for the Ninth Circuit and, on July 16, 2009, the Ninth
22  Circuit affirmed this Court's order holding that "[t]he motion to remand was properly
23  granted" because "by virtue of §22(a) of the Securities Act of 1933, Luther's state
24  court class action alleging only violations of the Securities Act of 1933 was not
25  removable." *Luther v. Countrywide Home Loans Servicing LP*, 533 F.3d 1031, 1034
26  (9th Cir. 2008).  The Ninth Circuit also affirmed this Court's holding that SLUSA's
27  removal provision "does not apply because it is limited to cases involving 'covered
28

1  securities,'" noting that "[t]he parties agree that the [MBS] are not of that type." *Id*. at

2  1033 n.1.

3      18.    On June 12, 2008, plaintiff Washington filed an initial complaint in the

4  Superior Court on behalf of itself and all persons and entities who acquired certain

5  MBS issued by CWALT, as well as MBS issued by other Countrywide-affiliated

6  defendants known as CWABS, Inc., CWMBS, Inc., and CWHEQ, Inc., pursuant or

7  traceable to false and misleading Registration Statements, Prospectuses and

8  Prospectus Supplements issued between June 13, 2006 and December 27, 2007 and

9  who were damaged thereby.  The claims asserted by Washington involved solely strict

10 liability and negligence claims brought pursuant to the Securities Act.

11     19.    Defendants did not remove the action filed in the Superior Court by

12 Washington to federal court.

13     20.    After the Ninth Circuit's mandate issued, on August 7, 2008, this Court

14 transferred the State Action back to the Superior Court, which consolidated Lead

15 Plaintiffs' actions, appointed Lead Plaintiffs as co-lead plaintiffs and approved their

16 choice of the undersigned counsel as co-lead counsel for the Class.

17     21.    On October 16, 2008, Lead Plaintiffs filed a consolidated complaint (the

18 "State Action Complaint") against the Countrywide Defendants, the Underwriter

19 Defendants and the Individual Defendants asserting ***federal law*** claims for violations

20 of the Securities Act and seeking recovery for massive losses in connection with their

21 purchase of the MBS.  *See* State Action Complaint, attached as Exhibit B, ¶3.

22 **Defendants' Demurrers to the State Action Complaint**

23     22.    On March 6, 2009, defendants filed demurrers seeking to dismiss the

24 consolidated complaint and asserting, among other things, that the Superior Court

25 lacked subject matter jurisdiction over Lead Plaintiffs' Securities Act claims.

26 Defendants ***never*** made this argument previously in removing the State Action to

27 federal court or in opposing the remand of the State Action.  In opposition to remand,

28 they argued that Congress allowed cases such as this to be brought in state courts until

1   2005's CAFA law.  In state court, however, they argued that Congress forbade filing

2   such cases seven years earlier, in 1998's SLUSA law.  Lead Plaintiffs opposed

3   defendants' demurrers, asserting that the Superior Court ***does*** have subject matter

4   jurisdiction over their claims under 15 U.S.C. §77v.

5       23.  On May 14, 2009, the Superior Court held oral argument on defendants'

6   demurrers, and Judge Elias did not rule on defendants' demurrers, indicating that she

7   would ask for a ruling from this Court regarding defendants' argument that SLUSA

8   pre-empted the Superior Court's concurrent jurisdiction over the Securities Act claims

9   asserted by Lead Plaintiffs on behalf of all members of the Class.

10       24.  Upon further submissions by the parties, including the Countrywide

11   Defendants' request that the Superior Court issue an order directing Lead Plaintiffs to:

12   (1) file an action in this Court; and (2) stay the State Action pending the filing of the

13   action with this Court, on June 15, 2009, the Superior Court issued its Order (attached

14   as Exhibit A) stating the following:

15         This Court believes the Federal Court should receive an

16         opportunity to address these issues in the first instance. . . . [T]he

17         SLUSA jurisdiction issue – whether Federal Courts have exclusive

18         subject matter jurisdiction over "covered class actions" raising Federal

19         Securities Act claims that do not involve "covered securities" – requires

20         interpretation of a Federal statute yet to be interpreted by a Federal

21         Court.  Hence, in an abundance of caution, and in order to promote

22         efficiency, this Court orders Plaintiffs to file an action in Federal Court.

23         The California action is stayed pending the filing of such action.

24       25.  In accordance with the terms of the Superior Court Order, dated June 15,

25   2009, Lead Plaintiffs have filed the instant declaratory action seeking a declaration

26   that the Superior Court has jurisdiction over Lead Plaintiffs' Securities Act claims.

27

28

**State Courts Have Concurrent Jurisdiction over Securities Act Claims**

26.     Since its passage in 1933, the Securities Act has provided that state and federal courts have concurrent jurisdiction over actions arising under the Securities Act pursuant to §22(a) (15 U.S.C. §77v).  Prior to 1998, §22(a) read as follows:

> The district courts of the United States and United States courts of any Territory shall have jurisdiction of offenses and violations under this title [15 USCS §§ 77a et seq.] and under the rules and regulations promulgated by the Commission in respect thereto, and, concurrent with State and Territorial courts, of all suits in equity and actions at law brought to enforce any liability or duty created by this title [15 USCS §§ 77a et seq.].

15 U.S.C. §77v(a).

27.     In 1998, Congress amended §22(a) as part of a bill entitled the Securities Litigation Uniform Standards Act of 1998.  Section 22(a) now reads as follows:

> The district courts of the United States and United States courts of any Territory shall have jurisdiction of offenses and violations under this title [15 USCS §§ 77a et seq.] and under the rules and regulations promulgated by the Commission in respect thereto, and, concurrent with State and Territorial courts, *except as provided in section 16 [15 USCS §77p] with respect to covered class actions*, of all suits in equity and actions at law brought to enforce any liability or duty created by this title [15 USCS §§ 77a et seq.].

15 U.S.C. §77v(a).

28.     After SLUSA's passage in 1998, in order to determine whether a state court has concurrent jurisdiction over "offenses and violations" under the Securities Act, the court must look to see if such jurisdiction is prohibited by §16 of the Securities Act (15 U.S.C. §77p), "Additional Remedies; limitation on remedies."

29.     Section 16(a) states: "Except as provided in subsection (b), the rights and remedies provided by this title [15 U.S.C. §§ 77a et seq.] shall be *in addition to* any and all other rights and remedies that may exist at law or in equity."   15 U.S.C. §77p(a).

30.     Thus, as §16(a) contains no limitations but rather *preserves* existing rights (the rights and remedies provided for by the Securities Act), including, for example, the concurrent jurisdiction provided for under §22(a) (15 U.S.C. §77v), which are only limited as provided in subsection (b) of §16 (15 U.S.C. §77p).  Section 16(b) states:

Class action limitations. No *covered class action based upon the statutory or common law of any State or subdivision thereof* may be maintained in any State or Federal court by any private party alleging –

(1)  an untrue statement or omission of a material fact in connection with the purchase or sale of *a covered security*; or

(2)  that the defendant used or employed any manipulative or deceptive device or contrivance in connection with the purchase or sale of *a covered security*.

15 U.S.C. §77p(b).

31.     The terms "covered class action" used in §16(b) is defined in §16(f)(2) as follows:

(A)     In general. The term "covered class action" means –

(i) any single lawsuit in which –

*          *          *

(II) one or more named parties seek to recover damages on a representative basis on behalf of themselves and other unnamed parties similarly situated, and questions of law or fact common to those persons or members of the prospective class predominate over any questions affecting only individual persons or members . . . .

1  | 15 U.S.C. §77p(f)(2).

2  |      32.    The terms "covered security" used in §16(b) is defined in §16(f)(3) as

3  | follows:

4  | > Covered security.  The term "covered security" means a security that

5  | > satisfies the standards for a covered security specified in paragraph (1) or

6  | > (2) of section 18(b) [15 USCS §77r(b)] at the time during which it is

7  | > alleged that the misrepresentation, omission, or manipulative or

8  | > deceptive conduct occurred, except that such term shall not include any

9  | > debt security that is exempt from registration under this title pursuant to

10 | > rules issued by the Commission under section 4(2) [15 USCS §77d(2)].

11 | 15 U.S.C. §77p(f)(3).

12 |      33.    The language of the statute is straightforward.  By its own express terms,

13 | SLUSA therefore, only limits concurrent jurisdiction under §22(a) (15 U.S.C. §77v)

14 | where the action is: (1) a covered class action; (2) "based upon the statutory or

15 | common law of any State or subdivision thereof"; and (3) brought by a plaintiff

16 | alleging a material misstatement in connection with the purchase or sale of a "covered

17 | security."  15 U.S.C. §77p.

18 |      34.    If the action does not satisfy all three elements of §16(b) (which the State

19 | Action does not), then the rights and remedies afforded a litigant under the Securities

20 | Act, including the right to bring an action in state courts arising under §22(a), are **not**

21 | limited.

22 |      35.    The State Action here satisfies only one of the three elements of §16(b).

23 | It is, by definition, "a covered class action."  The State Action Complaint does **not**

24 | contain, however, any claims based on state statutory or common law as required for

25 | §16(b) to apply.   Nor does the State Action Complaint assert that material

26 | misstatements were made in connection with the purchase or sale of a "covered

27 | security."

28 |

36.    Because defendants' or plaintiffs' rights and remedies under the Securities Act are only limited where §16(b) applies, the Superior Court in the State Action has jurisdiction over Lead Plaintiffs' Securities Act claims under §22(a).

37.    In addition, as this Court previously recognized, §16(c) provides for removal of certain actions filed in state court:

> Removal of covered class actions.  Any covered class action brought in any State court *involving a covered security*, as set forth in subsection (b), shall be removable to the Federal district court for the district in which the action is pending, and shall be subject to subsection (b).

15 U.S.C. §77p(c).

38.    Under §16(c), if a plaintiff brings a covered class action concerning the purchase or sale of a covered security in a state court, such action is removable to federal court.  The State Action was not subject to removal to federal court because none of the MBS at issue is traded on a national exchange and therefore cannot be considered a "covered security."  Defendants agreed the State Action is not subject to removal under SLUSA and have twice conceded that the State Action does not involve a covered security.  *Luther*, 533 F.3d at 1034.

39.    Faced with the clear language of the statute, defendants argued in state court that SLUSA contains an implied pre-emption of cases bringing claims for "non-covered" securities in state court that, *sub rosa*, directs their dismissal.  Yet, the statute itself contains no such language, the legislative history of the statute says the opposite, and defendants have not directed any court to any opinions from a state court judge dismissing such an action.

**SLUSA Was Not Intended to Apply to Securities Act Claims**

40.    Congress debated the enactment of SLUSA from May 1997 until its passage in October 1998.  During the debates, the co-sponsors of the bill in the Senate (S. 1260) and the bill in the House (H.R. 1689) stated repeatedly that SLUSA was drafted with two interrelated purposes: (1) to create a uniform federal standard for

1   securities traded on U.S. exchanges; and (2) to preempt the application of *state*

2   securities fraud laws to securities traded on a national exchange.  Thus, Congress

3   intended SLUSA to apply to class actions that assert claims under state common or

4   statutory law and involve securities that are traded on a national exchange.

5       41.    Throughout the legislative debate regarding SLUSA, the co-sponsors of

6   the bills in the House and the Senate, along with other members of Congress, stated

7   repeatedly that SLUSA's provisions were only meant to apply to certain "covered

8   securities" as limited to securities traded on a national exchange:

9   - 143 Cong. Rec. E. 1007, at *E1007 (May 21, 1997) (Statement of Rep.

10       Eshoo) ("[t]he bipartisan bill will finally guarantee a single set of

11       standards for securities litigation for *nationally traded securities*" and

12       "*is strictly limited to nationally traded securities traded on the*

13       *American Stock Exchange, the New York Stock Exchange and*

14       *NASDAQ*");

15  - 143 Cong. Rec. S. 10475, at *S10477 (Oct. 7, 1998) (Statement of Sen.

16       Dodd) ("*the legislation is limited only to those securities that are listed*

17       *on one of the three national stock exchanges*," including the NYSE, the

18       ASE and the NASDAQ);

19  - 143 Cong. Rec. S. 10475, at *S10475 (Oct. 7, 1998) (Statement of Sen.

20       Gramm) (The bill "sets national standards for stocks that are traded on

21       the national markets.  What it says is that in the case of class action suits,

22       and class action suits only, *if a stock is traded on the national market, if*

23       *it is a national stock, then the class action suit has to be filed in*

24       *Federal court*. . . .  [The bill] applies only to class action lawsuits, and *it*

25       *only applies to stocks that are traded nationally*.");

26  - S. Rep. No. 105-182, at 5 (1998) ("The Committee *strongly notes that*

27       *this legislation only covers* precisely those *securities* . . . *that are traded*

28       *on national exchanges*.");

- 144 Cong. Rec. S. 4778, at *S4790 (May 13, 1998) (Statement of Sen. Dodd) (the legislation "*will not affect any suit, class action or otherwise, against penny stocks or any stock that is not traded on a national exchange*"); and

- 144 Cong. Rec. H. 6052, at *H6057 (July 21, 1998) (Statement of Rep. White) ("[T]his bill only applies to national lawsuits.  It only applies to securities that are traded on the three national exchanges in our country.").

42.    In debating the passage of SLUSA, Congress further made clear that the legislation applied only to actions asserting claims under state statutory or common law, and not federal law such as Lead Plaintiffs' Securities Act claims.  Indeed, Congress passed SLUSA in order to address the pitfalls of having 50 different state securities fraud statutes.  *See, e.g.*, 144 Cong. Rec. S. 4778, at *S4813 (May 13, 1998) (Statement of Sen. Domenici) ("[I]n an environment where there are 50 different sets of rules, companies must take into account the most onerous State liability rules and tailor their conduct accordingly. . . . One uniform set of rules will eliminate that problem."); 144 Cong. Rec. S. 4778, at *S4799 (May 13, 1998) (Statement of Sen. Reid) ("A patchwork system of securities laws undermines America's capital markets. . . .  Uniform standards litigation ensures that purchasers and sellers of nationally traded securities have similar remedies in securities lawsuits regardless of their state of residence.").

43.    Congress clearly intended SLUSA to apply only to actions asserting state statutory or common law claims involving covered securities, which the MBS are not.  Because the State Action Complaint does not allege claims involving *any* state laws or covered securities, SLUSA did not intend to strip the Superior Court of concurrent jurisdiction over Lead Plaintiffs' Securities Act claims.

**CLAIM AND CAUSE OF ACTION FOR DECLARATORY RELIEF**

44.    Lead Plaintiffs incorporate by reference all allegations contained in paragraphs 1 through 43.

45.    Pursuant to §§11, 12(a)(2) and 15 of the Securities Act (15 U.S.C. §77k, 15 U.S.C. §77l(a)(2), 15 U.S.C. §77o), and the provisions of the Securities Act (15 U.S.C. §77v), Lead Plaintiffs filed a civil action seeking recovery for losses on hundreds of billions of dollars worth of securities issued and sold to them by defendants.

46.    SLUSA applies only to covered class actions asserting state statutory or common law claims involving a covered security.

47.    Lead Plaintiffs' claims against defendants for violations of the Securities Act in connection with the sale of the MBS purchased by Lead Plaintiffs and other members of the Class do not involve a "covered security" or any state law as required for SLUSA to revoke the Superior Court's concurrent jurisdiction over Lead Plaintiffs' claims.

48.    To date, the Superior Court has not sustained Lead Plaintiffs' claims against defendants or ruled on defendants' demurrers, but rather, Judge Elias expressly ordered Lead Plaintiffs to file an action in federal court seeking a declaration as to whether the Superior Court has subject matter jurisdiction over Lead Plaintiffs' claims.  Judge Elias further stayed the State Action, pending such a filing.

49.    Accordingly, Lead Plaintiffs have no other remedy.  Lead Plaintiffs must file this declaratory relief action in federal court requesting a determination of the jurisdictional rights of the parties under SLUSA to avoid contempt of the Superior Court's June 15, 2009 Order.

50.    Lead Plaintiffs therefore request that the Court determine and declare that because the State Action is not a "covered class action" which involves a "covered security," the Superior Court has jurisdiction over the Securities Act claims asserted by Lead Plaintiffs individually and on behalf of the Class.

1

**PRAYER FOR RELIEF**

2

WHEREFORE, Lead Plaintiffs pray for relief as follows:

3

A.     A declaratory judgment that the Superior Court has subject matter

4

jurisdiction under 15 U.S.C. §77v over Lead Plaintiffs' claims in the State Action; and

5

B.     For such other, further and different relief as the Court may deem just

6

and proper.

7

DATED:  August 24, 2009                COUGHLIN STOIA GELLER
                                                            RUDMAN & ROBBINS LLP

8                                                      SPENCER A. BURKHOLZ
                                                       THOMAS E. EGLER

9                                                      DANIEL S. DROSMAN
                                                       SCOTT H. SAHAM

10                                                    LAUREN G. KERKHOFF
                                                      JENNIFER Y. LAI

11                                                    CHRISTINA A. ROYCE

12

13                                                    _____
                                                                THOMAS E. EGLER

14

15                                                    655 West Broadway, Suite 1900
                                                      San Diego, CA  92101

16                                                    Telephone:  619/231-1058
                                                      619/231-7423 (fax)

17                                                    BARROWAY TOPAZ KESSLER
                                                             MELTZER & CHECK, LLP

18                                                    ANDREW L. ZIVITZ
                                                      SHARAN NIRMUL

19                                                    LAUREN WAGNER PEDERSON
                                                      JENNIFER L. JOOST

20                                                    280 King of Prussia Road
                                                      Radnor, PA  19087

21                                                    Telephone:  610/667-7706
                                                      610/667-7056 (fax)

22                                                    Co-Lead Counsel for Plaintiffs

23

24      S:\CasesSD\CWALT\CPT00061117_Declaratory Relief_CD Cal.doc

25

26

27

28

- 14 -

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| David H. Luther; Vermont Pension Investment Committee; Mashreqbank, p.s.c.; Pension Trust Fund for Operating Engineers; Operating Engineers Annuity Plan; [cont'd on Attachment] | Countrywide Financial Corporation; Countrywide Home Loans, Inc.; Countrywide Securities Corporation; Countrywide Capital Markets, Inc.; CWALT, Inc.; CWMBS, Inc.; CWABS, Inc.; [cont'd on Attachment] |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| Thomas E. Egler, Esq.          Tel: 619-231-1058<br>Coughlin Stoia Geller Rudman & Robbins LLP<br>655 W. Broadway, Suite 1900, San Diego, CA 92101 | Lloyd Winawer, Esq.     Tel: 310-788-5177<br>Goodwin Procter LLP<br>10250 Constellation Blvd., 21st Fl., Los Angeles, CA 90067<br>[cont'd on Attachment] |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff  ☑ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant  ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify):  ☐ 6 Multi-District Litigation  ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:    JURY DEMAND:** ☐ Yes  ☑ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☑ Yes   ☐ No        ☐ MONEY DEMANDED IN COMPLAINT: $_____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
28 U.S.C. §2201 - declaratory judgment

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| ☑ 850 Securities/Commodities/ Exchange | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury- Product Liability | ☐ 443 Housing/Acco- mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 891 Agricultural Act | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | **SOCIAL SECURITY** |
| ☐ 892 Economic Stabilization Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 893 Environmental Matters | ☐ 196 Franchise | **REAL PROPERTY** | | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 894 Energy Allocation Act | **REAL PROPERTY** | ☐ 210 Land Condemnation | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 210 Land Condemnation | ☐ 220 Foreclosure | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 220 Foreclosure | ☐ 230 Rent Lease & Ejectment | **IMMIGRATION** | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| | ☐ 230 Rent Lease & Ejectment | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | | **FEDERAL TAX SUITS** |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land | ☐ 245 Tort Product Liability | ☐ 463 Habeas Corpus- Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 245 Tort Product Liability | ☐ 290 All Other Real Property | ☐ 465 Other Immigration Actions | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

FOR OFFICE USE ONLY:   Case Number: No. 2:07-cv-8165-MRP(MANx)

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

| CV-71 (05/08) | CIVIL COVER SHEET | Page 1 of 2 |
|---|---|---|

CV09-06162

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?  ☐ No  ☑ Yes
If yes, list case number(s):  No. 2:07-cv-8165-MRP(MANx)

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?  ☐ No  ☑ Yes
If yes, list case number(s):  Please see Attachment hereto.

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)   ☑ A. Arise from the same or closely related transactions, happenings, or events; or
        ☑ B. Call for determination of the same or substantially related or similar questions of law and fact; or
        ☑ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
        ☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐  Check here if the government, its agencies or employees is a named plaintiff.  If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | David H. Luther - Tennessee<br>Vermont Pension Investment Committee - Vermont<br>[cont'd on Attachment] |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐  Check here if the government, its agencies or employees is a named defendant.  If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Countrywide Financial Corporation - Los Angeles<br>Countrywide Home Loans, Inc. - Los Angeles<br>[cont'd on Attachment] | J.P. Morgan Securities Inc. - New York<br>Deutsch Bank Securities Inc. - New York<br>[cont'd on Attachment] |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

\* **Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____   Date August 24, 2009

Notice to Counsel/Parties:  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended.  (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

**ATTACHMENT TO CIVIL COVER SHEET**

## I. PLAINTIFFS/DEFENDANTS

*(a) PLAINTIFFS [continued]:*

WASHINGTON STATE PLUMBING & PIPEFITTING PENSION TRUST; and MAINE STATE
RETIREMENT SYSTEM

*(a) DEFENDANTS [continued]:*

CWHEQ, INC.; J.P. MORGAN SECURITIES INC.; DEUTSCHE BANK SECURITIES INC.; BEAR,
STEARNS & CO. INC.; BANC OF AMERICA SECURITIES LLC; UBS SECURITIES, LLC;
MORGAN STANLEY & CO. INCORPORATED; EDWARD D. JONES & CO., L.P.; CITIGROUP
GLOBAL MARKETS INC.; GOLDMAN, SACHS & CO.; CREDIT SUISSE SECURITIES (USA)
LLC; GREENWICH CAPITAL MARKETS, INC. A.K.A. RBS GREENWICH CAPITAL; BARCLAYS
CAPITAL INC.; HSBC SECURITIES (USA); BNP PARIBAS SECURITIES CORP.; MERRILL
LYNCH, PIERCE, FENNER & SMITH, INCORPORATED; STANFORD L. KURLAND; DAVID A.
SPECTOR; ERIC P. SIERACKI; N. JOSHUA ADLER; RANJIT KRIPALANI; JENNIFER S.
SANDEFUR; and DAVID A. SAMBOL

*(b) DEFENDANTS' ATTORNEYS [continued]:*

William F. Sullivan, Esq.          Tel: 213-683-6000
Paul, Hastings, Janofsky & Walker LLP
515 S. Flower St., 25th Fl.
Los Angeles, CA 90071-2228

Christopher G. Caldwell, Esq.      Tel: 213-629-9040
Caldwell Leslie & Proctor, PC
1000 Wilshire Blvd., Ste. 600
Los Angeles, CA 90017-2463

Michael C. Tu, Esq.                Tel: 213-629-2020
Orrick, Herrington & Sutcliffe LLP
777 S. Figueroa St., Ste. 3200
Los Angeles, CA 90017

Nicholas Morgan, Esq.              Tel: 310-595-3000
DLA Piper LLP (US)
1999 Avenue of the Stars, Ste. 400
Los Angeles, CA 90067-6022

Dean J. Kitchens, Esq.             Tel: 213-229-7000
Gibson, Dunn & Crutcher LLP
333 S. Grand Ave.
Los Angeles, CA  90071-3197

Jennifer M. Sepic, Esq.          Tel: 213-680-6400
Bingham McCutchen LLP
355 S. Grand Ave., Ste. 4400
Los Angeles, CA  90071-3106


**VIII(b). RELATED CASES:**

Case Numbers

2:07-cv-05432-MRP-MAN

2:07-cv-05567-MRP-MAN

2:07-cv-05727-MRP-MAN

2:07-cv-06083-MRP-MAN

2:07-cv-06444-MRP-MAN

2:07-cv-06635-MRP-MAN

2:07-cv-06923-MRP-MAN

2:07-cv-07058-MRP-MAN

2:07-cv-07097-MRP-MAN

2:07-cv-07259-MRP-MAN

2:07-cv-07548-MRP-MAN

2:08-cv-00236-MRP-MAN

2:08-cv-00287-MRP-MAN

2:08-cv-00285-MRP-MAN

2:08-cv-00392-MRP-MAN

2:08-cv-00492-MRP-MAN

2:08-cv-03262-MRP-MAN

2:08-cv-03364-MRP-MAN

2:09-cv-03994-JFW-MAN

2:08-cv-06029-MRP-MAN

2:07-cv-05295-MRP-MAN

2:07-cv-8165-MRP-MAN

## IX. VENUE

*(a) [continued]*

| County in this District | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Mashreqbank, p.s.c. – United Arab Emirates |
| | Pension Trust Fund for Operating Engineers – Alameda County |
| | Operating Engineers Annuity Plan – Alameda County |
| | Washingston State Plumbing & Pipefitting Pension Trust – Washington |
| | Maine State Retirement System - Maine |

*(b) [continued]*

| County in this District | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| CWALT, Inc. – Los Angeles | Bear Stearns & Co Inc. – New Jersey |
| CWMBS, Inc. – Los Angeles | Bank of America Securities LLC – North Carolina |
| CWABS, Inc. – Los Angeles | UBS Securities, LLC – Connecticut |
| CWHEQ, Inc. – Los Angeles | Morgan Stanley & Co. Incorporated – New York |
| Countrywide Capital Markets, Inc. – Los Angeles | Edward D. Jones & Co., L.P. – Missouri |
| Countrywide Securities Corporation – Los Angeles | Citigroup Global Markets Inc. – New York |
| Stanford L. Kurland – Los Angeles | Goldman, Sachs & Co. – New York |
| Eric P. Sieracki - Ventura | Credit Suisse Securities (USA) LLC – New York |
| N. Joshua Adler – Los Angeles | Greenwich Capital Markets, Inc. a.k.a. RBS Greenwich Capital – Connecticut |
| Ranjit Kripalani – Los Angeles | Barclays Capital Inc. – New York |
| Jennifer S. Sandefur – Los Angeles | HSBC Securities (USA) – New York |
| David A. Sambol – Los Angeles | BNP Paribas Securities Corp. – New York |
| | Merrill Lynch, Pierce, Fenner & Smith – New York |
| | David A. Spector – United Kingdom |

S:\CasesSD\CWALT\NonPldgs\Civil Cover Sheet Attachment.doc

Name & Address:
Thomas E. Egler, Esq. (Bar No. 189871)
Coughlin Stoia Geller Rudman & Robbins LLP
655 W. Broadway, Suite 1900
San Diego, CA 92101
Tel: 619-231-1058

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| David H. Luther; Vermont Pension Investment Committee; Mashreqbank, p.s.c.; Pension Trust Fund for Operating Engineers; [cont'd on Attachment]<br>PLAINTIFF(S)<br>v. | CASE NUMBER<br><br>**CV09-06162 DSF PJWx** |
| Countrywide Financial Corporation; Countrywide Home Loans, Inc; Countrywide Securities Corporation; [cont'd on Attachment]<br><br>DEFENDANT(S). | **SUMMONS** |

TO:   DEFENDANT(S): _____

_____

A lawsuit has been filed against you.

Within __20__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff's attorney, <u>Thomas E. Egler</u>, whose address is <u>Coughlin Stoia, et al., 655 W. Broadway, Ste. 1900, San Diego, CA 92101</u>.  If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: __AUG 2 4 2009__

By: _____
        Deputy Clerk

        (Seal of the Court)

        1192

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*

# ATTACHMENT TO SUMMONS

[continued] OPERATING ENGINEERS ANNUITY PLAN; WASHINGTON STATE PLUMBING &
PIPEFITTING PENSION TRUST; and MAINE STATE RETIREMENT SYSTEM, Individually and On
Behalf of All Others Similarly Situated,

PLAINTIFF(S)

v.

[continued] COUNTRYWIDE CAPITAL MARKETS, INC.; CWALT, INC.; CWMBS, INC.; CWABS,
INC.; CWHEQ, INC.; J.P. MORGAN SECURITIES INC.; DEUTSCHE BANK SECURITIES INC.;
BEAR, STEARNS & CO. INC.; BANC OF AMERICA SECURITIES LLC; UBS SECURITIES, LLC;
MORGAN STANLEY & CO. INCORPORATED; EDWARD D. JONES & CO., L.P.; CITIGROUP
GLOBAL MARKETS INC.; GOLDMAN, SACHS & CO.; CREDIT SUISSE SECURITIES (USA)
LLC; GREENWICH CAPITAL MARKETS, INC. A.K.A. RBS GREENWICH CAPITAL; BARCLAYS
CAPITAL INC.; HSBC SECURITIES (USA); BNP PARIBAS SECURITIES CORP.; MERRILL
LYNCH, PIERCE, FENNER & SMITH, INCORPORATED; STANFORD L. KURLAND; DAVID A.
SPECTOR; ERIC P. SIERACKI; N. JOSHUA ADLER; RANJIT KRIPALANI; JENNIFER S.
SANDEFUR; and DAVID A. SAMBOL,

DEFENDANT(S).

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Dale S. Fischer and the assigned discovery Magistrate Judge is Patrick J. Walsh.

The case number on all documents filed with the Court should read as follows:

## CV09- 6162 DSF (PJWx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=============================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| [X] **Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [ ] **Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] **Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.